1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **ANTHONY F. HIGNITE,** | ) | **CV F 05-1493 OWW WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| | ) | |
| **EASTERN DISTRICT OF CALIF U. S.** | ) | |
| **DISTRICT COURT,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. Respondent opposes the petition.

**PROCEDURAL HISTORY**

A jury in Kern County Superior Court convicted Petitioner of first degree murder while personally using a firearm. Penal Code §§ 187(a), 12022.53(d). A lying in wait special circumstance was found not to be true. Penal Code§ 190.2(a)(15). The trial court sentenced Petitioner to 25 years to life for first degree murder with a consecutive sentence of 25 years to life for personally using a firearm.

1    Petitioner filed a direct appeal with the California Court of Appeal.  The court

2    affirmed the judgment on September 16, 2004.  Petitioner filed a petition for review with the

3    California Supreme Court, which the court denied on December 1, 2004.

4    Petitioner filed the present action on November 16, 2005.  Petitioner filed an amended

5    petition on May 15, 2006.

6    **LEGAL STANDARD**

7    JURISDICTION

8    Relief by way of a petition for writ of habeas corpus extends to a person in custody

9    pursuant to the judgment of a state court if the custody is in violation of the Constitution or

10   laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams

11   v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of

12   his rights as guaranteed by the United States Constitution.  In addition, the conviction

13   challenged arises out of the Kern County Superior Court, which is located within the

14   jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has

15   jurisdiction over the action.

16   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

17   Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

18   enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522

19   U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

20   (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

21   117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

22   S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

23   The instant petition was filed after the enactment of the AEDPA, thus it is governed by its

24   provisions.

25   STANDARD OF REVIEW

26   This court may entertain a petition for writ of habeas corpus "in behalf of a person in

27

28                                              2

1   custody pursuant to the judgment of a State court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3          The AEDPA altered the standard of review that a federal habeas court must apply

4   with respect to a state prisoner's claim that was adjudicated on the merits in state court.

5   Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

6   habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

7   that was contrary to, or involved an unreasonable application of, clearly established Federal

8   law, as determined by the Supreme Court of the United States;" or "resulted in a decision that

9   was based on an unreasonable determination of the facts in light of the evidence presented in

10  the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173

11  (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143

12  (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court

13  may not issue the writ simply because that court concludes in its independent judgment that

14  the relevant state-court decision applied clearly established federal law erroneously or

15  incorrectly.  Lockyer, at 1174 (citations omitted).  "Rather, that application must be

16  objectively unreasonable." Id. (citations omitted).

17         When, as here, the California Supreme Court's opinion is summary in nature, this

18  court "looks through" that decision and presumes it adopted the reasoning of the California

19  Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v.

20  Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)

21  (establishing, on habeas review, "look through" presumption that higher court agrees with

22  lower court's reasoning where former affirms latter without discussion); see also LaJoie v.

23  Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned

24  state court opinion in determining whether state court's rejection of petitioner's claims was

25  contrary to or an unreasonable application of federal law under § 2254(d)(1)).

26

27

28                                                    3

1    While habeas corpus relief is an important instrument to assure that individuals are

2    constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

3    (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

4    criminal conviction is the primary method for a petitioner to challenge that conviction.

5    Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the

6    state court's factual determinations must be presumed correct, and the federal court must

7    accept all factual findings made by the state court unless the petitioner can rebut "the

8    presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

9    Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99,

10   116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Sufficiency of the Evidence

Petitioner contends that there was insufficient evidence to convict him of first degree
murder because he shot and killed his father while acting under the actual but unreasonable
belief in the necessity to defend himself against imminent deadly attack by this father.
Respondent disputes this contention.

The law on insufficiency of the evidence claim is clearly established.  The United
States Supreme Court has held that when reviewing an insufficiency of the evidence claim on
habeas, a federal court must determine whether, viewing the evidence and the inferences to
be drawn from it in the light most favorable to the prosecution, any rational trier of fact could
find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.
Id. at 324 n. 16.

Under California law, murder is the unlawful killing of a human being with malice
aforethought.  Penal Code § 187(a).  All murder perpetrated by any kind of willful, deliberate,
premeditated killing is murder of the first degree.  Penal Code § 189.  The word

1   "aforethought" does not imply deliberation or the lapse of considerable time; it only means

2   that the required mental state must precede rather than follow the act.  CALJIC No. 8.11.

3   Malice may be negated by a showing that the intentional killing was the result of an honest

4   but unreasonable belief in the need to defend oneself from imminent peril to life or great

5   bodily injury.  <u>People v. Flannel</u>, 25 Cal.3d 668, 674 (1979), superceded on other grounds in

6   <u>In re Christian S</u>., 7 Cal.4th 768, 776 (1994).

7          In addressing this issue, the Court of Appeal found that sufficient evidence was

8   present to convict Petitioner of first degree murder, because there was substantial evidence

9   that Petitioner acted deliberately and with premeditation.  Two witnesses testified that

10  Petitioner was angry with the victim, his father, on the day of the shooting because a military

11  recruiter came to the house and the victim later refused to allow Petitioner to go to his

12  friend's house.   Both witnesses heard Petitioner threaten to kill the victim that day.  After

13  telling one of the witness that he was going to kill the victim, Petitioner broke into a locked

14  closet where the victim kept his guns, got both a shotgun and a handgun, got something to

15  eat, and then waited outside for 45 minutes until the victim came home.  This court finds, as

16  did the Court of Appeal, that these actions, occurring over a period of 45 minutes to an hour,

17  could certainly be viewed to reflect planning and deliberation.  A rational factfinder could

18  therefore have found that Petitioner acted with the necessary malice and premeditation to

19  support first degree murder.

20         The court concludes, therefore, that Petitioner cannot carry his burden under the

21  AEDPA of showing that the state courts' adjudication of this contention "resulted in a

22  decision that was based on an unreasonable determination of the facts in light of the evidence

23  presented in the State Court proceeding.".  This contention therefore presents no basis for

24  habeas corpus relief.

25  Ineffective Assistance of Counsel

26         Petitioner contends that his trial counsel was ineffective for failing to request two

27

28                                                  5

pinpoint instructions: one regarding antecedent threats and one linking Petitioner's delusional mental disorder to the required mental states for murder and voluntary manslaughter. Respondent disputes this contention.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner.  Price v. Vincent, 538 U.S. 634, 640 (2003).

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in a federal habeas corpus action.  See, Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).  To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.  See, id. at 72.  Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id.  The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (citing Henderson v, Kibbe,  431 U.S. 145, 154 (1977)).

7

1    Furthermore, even if it is determined that the instruction violated the petitioner's right to due

2    process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial

3    influence on the conviction and thereby resulted in actual prejudice under Brecht v.

4    Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial

5    and injurious effect or influence in determining the jury's verdict.). See, Hanna v. Riveland,

6    87 F.3d 1034, 1039 (9th Cir. 1996).  The burden of demonstrating that an erroneous

7    instruction was so prejudicial that it will support a collateral attack on the constitutional

8    validity of a state court's judgment is even greater than the showing required to establish plain

9    error on direct appeal."  Id.    A petitioner's burden is especially heavy when a claim is based

10   on the omission of an instruction  because no erroneous instruction was given.  Henderson v.

11   Kibbe, 431 U.S. 145, 155 (1977).  An omission, or an incomplete instruction, is less likely to

12   be prejudicial than a misstatement of the law.  Id.  The significance of the omitted instruction

13   is evaluated by a comparison with the instructions that were given.  Id. at 156; Murtishaw v.

14   Woodford, 255 F.3d 926, 971 (9th Cir.2001).

15            The California Court of Appeal rejected Petitioner's claims.  In regard to the pinpoint

16   instruction on antecedent threats, the Court of Appeal did not determine whether trial

17   counsel's performance was Constitutionally deficient, but found that the conduct was not

18   prejudicial.  The Court of Appeal relied on the fact that the jury was instructed with CALJIC

19   No. 5.17, allowing the jury to determine whether Petitioner believed his life was in imminent

20   peril.  The Court of Appeal also relied on defense counsel's argument that the entire case

21   revolved around Petitioner's fear of his father, which was exacerbated by Petitioner's mental

22   illness.

23             Petitioner contends that light of Petitioner's statement to police that the victim told

24   Petitioner that he was going to shoot Petitioner, trial counsel was ineffective for failing to

25   request an instruction on antecedent threats. As requested by defense counsel, the trial court

26   instructed the jury with CALJIC 5.17, which  provides in part that, "[a] person who kills

27

28                                                    8

1     another person in the actual but unreasonable belief in the necessity to defend against

2     imminent peril to life or great bodily injury, kills unlawfully but does not harbor malice

3     aforethought and is not guilty of murder." This court finds that the Court of Appeal correctly

4     evaluated the significance of the omitted instruction is by a comparison with the instructions

5     that were given, under <u>Henderson v. Kibbe</u>, and that Petitioner has failed to carry his burden

6     of demonstrating that the state court's adjudication of the claim "resulted in a decision that

7     was contrary to, or involved an unreasonable application of, clearly established Federal law,

8     as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

9          In regard to the pinpoint instruction linking mental disorder to required mental states,

10    the Court of Appeal found the appropriate instruction is found in CALJIC No. 3.32, which

11    informs the jury that it should consider evidence of mental disease, disorder, or defect for

12    determining whether the defendant formed the requisite intent. Petitioner's counsel had

13    requested and discussed whether the jury should be instructed with CALJIC No. 3.32, but did

14    not renew the request for the instruction. Because the record did not contain anything to

15    explain why counsel failed to renew the request, the Court of Appeal found that it could not

16    conclude that there was no satisfactory explanation for counsel's failure to renew the request.

17    The Court of Appeal therefore did not find trial counsel's performance deficient.

18         As Respondent argues, Petitioner has not shown any prejudice in regard to counsel's

19    failure to renew his request that CALJIC No. 3.32 be given. As discussed above, strong

20    evidence was presented at trial showing that Petitioner acted deliberately and with

21    premeditation. The court finds, therefore, Petitioner cannot show a reasonable probability

22    that had CALJIC No. 3.32, the outcome of the trial would have been different. Therefore,

23    Petitioner cannot show the state court's adjudication of the claim "resulted in a decision that

24    was contrary to, or involved an unreasonable application of, clearly established Federal law,

25    as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

26         Based on the above, the court finds that Petitioner's claim of ineffective assistance of

27

28                                                      9

counsel provides no basis for habeas corpus relief.


        In light of the foregoing, IT IS HEREBY RECOMMENDED as follows;

1)      the petition for writ of habeas corpus be DENIED;

2)      a certificate of appealability be DENIED;

3)      the Clerk of the Court be directed to ENTER JUDGMENT for Respondent and to

        close this case.


        These Findings and Recommendation are submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

mail) after service of the objections.  The court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez</u>

<u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).



IT IS SO ORDERED.

**Dated:    May 6, 2008**             _____ **/s/  William M. Wunderlich** _____
                                      UNITED STATES MAGISTRATE JUDGE

10